**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MICHAEL WADE,                           *

Plaintiff,                              *

v                                       *        Civil Action No. GJH-20-1362

BALTIMORE COUNTY DETENTION              *
  CENTER,
OFFICER BOND, and                       *
SERGEANT WILLETE,
                                        *
Defendants.

                                  ***

**MEMORANDUM OPINION**

While incarcerated at the Baltimore County Detention Center ("BCDC"), self-represented plaintiff Michael Wade filed this 42 U.S.C. § 1983 action against defendants BCDC, Officer Travis Bond, and Sergeant Arthur Willette, alleging the use of excessive force. ECF No. 1. On December 28, 2020, defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 16. The Court informed Wade, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to the motion could result in dismissal of the complaint. ECF No. 17. Wade has filed nothing further.

This Court deems a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, defendants' motion shall be granted.

**Background**

In his unverified complaint, Wade claims that at approximately 6:45 p.m. on January 13, 2020, BCDC correctional officers Bond and Willette "slammed" him with excessive force on the front of his skull while he was handcuffed. ECF No. 1 at 2-3. Wade alleges that following the incident, which he reported to Internal Affairs, he suffered a contusion, migraines, memory loss,

blurred vision, loss of balance, light sensitivity, fatigue, and changes in emotions. *Id.* at 3. As relief, he seeks $500,000. *Id.* at 4.

According to Sgt. Willette's sworn affidavit, Wade caused a disturbance in Housing Unit 3G on January 13, 2020, when he demanded a razor from Officer Ashley Ehirim. Willette Aff., ECF No. 16-2 at ¶ 6. When Ofc. Ehirim asked Wade to be patient, he became aggressive, belligerent, and loud. *Id.* Lieutenant Tracey Merrill reported to the housing unit for assistance and ordered Wade to lock in, but he refused. *Id.* at ¶ 7. Lt. Merrill then called Sergeant Thomas Amaefule, Sgt. Willette, and Ofc. Bond for assistance. *Id.* at ¶ 8. Wade continued to be non-compliant for some time, but eventually allowed Sgt. Amaefule to place him in handcuffs. *Id.* at ¶ 9. Thereafter, Ofc. Bond and Sgt. Willette began escorting Wade to the medical unit. *Id.* at ¶ 10. Wade started dragging his feet, causing the correctional officers to place him in an escort hold and carry him towards the elevator. *Id.* When the elevator doors opened, Wade kicked his leg up and off the elevator to resist going further, causing Ofc. Bond to lose his balance. Bond Aff., ECF No. 16-3 at ¶ 11. Both officers fell with Wade, who suffered a small cut on his forehead. *Id.* While on the floor, the officers secured Wade until he calmed down. *Id.* at ¶ 12. Lt. Merrill placed an emergency request for all available correctional officers and medical staff to respond to Wade's location and provide assistance. *Id.* at ¶ 13. Wade was then taken to the medical unit, where he refused treatment. *Id.* at ¶ 14, 16.

## Standards of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)).  "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original).  A court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015).  At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.,* 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.  Motions styled in this manner implicate the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure.  *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

3

Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the Court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

Because defendants' motion is titled as a motion to dismiss, or in the alternative, for summary judgment, Wade was on notice that the Court could treat it as one for summary judgment and rule on that basis. *See* ECF No. 16. The Court informed Wade that he may file an opposition and advised him of the consequence of failing to do so. ECF No. 17. Wade, however, did not file a response, instead relying solely on his unverified complaint. *See* ECF No. 1.

The Court will review the claims against defendants under the Rule 56(a) standard and will consider the affidavits filed in support of the dispositive motion. Because Wade's complaint is unverified, its factual assertions may not be considered in opposition to defendants' motion. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); Fed. R. Civ. P. 56(c)(1)(A).

The Court is mindful that Wade is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.1990). A court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

**Discussion**

I.      **BCDC**

As a preliminary matter, BCDC is not a "person" subject to suit under 42 U.S.C. § 1983. Section 1983 states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." (Emphasis supplied).

A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983.  *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person. Clearly, BCDC is not a person within the meaning of the statute.  Therefore, Wade's claims against it must be dismissed.  *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002).

## II.     Correctional Officers

At the time of the incident giving rise to this case, Wade was a pretrial detainee in Baltimore County.  Accordingly, his claims are analyzed under the Fourteenth Amendment.  *See Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001); *Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992).  "The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment." *Barnes v. Wilson*, 110 F.Supp.3d 624, 629 (D. Md. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  Indeed, "[d]ue process rights of a pretrial detainee are at least as great as the eighth amendment protections available to a convicted prisoner." *Hill*, 979 F.2d at 991.

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016).  Notably, it "proscribes more than physically barbarous punishments." *Estelle*, 429 U.S. at 103.  It also "embodies" the "'concepts of dignity, civilized standards, humanity, and decency . . .'" *Id.* (citation omitted).  Thus, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *cf. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 989 U.S. 189, 199-200 (1989) (stating that when a state holds a person "against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being"); *John Doe 4 v. Shenandoah Valley Juvenile Center Comm'n*, 985 F.3d 327, 338-39 (4th Cir. 2021).

The Fourth Circuit has observed that "not all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'" *Thompson v.*

6

*Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986)).
Here, Wade claims that Ofc. Bond and Sgt. Willette used excessive force when they slammed his
head while he was handcuffed.

Whether force used by prison officials was excessive is determined by inquiring if "force
was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically
to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Court must look at the need
for the application of force, the relationship between that need and the amount of force applied,
the extent of the injury inflicted, the extent of the threat to the safety of staff and inmates as
reasonably perceived by prison officials, and any efforts made to temper the severity of the
response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury, alone,
is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). The extent
of injury incurred is one factor in determining whether or not the force used was necessary in a
particular situation, but if force is applied maliciously and sadistically, liability is not avoided
simply because the prisoner had the good fortune to escape serious harm. *Id.* at 38.

Based on the record established by Defendants, which has not been challenged by the
Plaintiff, at the time of the incident at issue, Wade was causing a disturbance at BCDC, which
required the attention and assistance of several correctional officers. After Wade finally consented
to being handcuffed, Ofc. Bond and Sgt. Willette escorted him to the medical unit. During the
escort, Wade dragged his feet and kicked his feet off the elevator, causing himself and the
correctional officers to fall on the ground. From the record, it appears that Wade suffered the
injury to his head during this fall. Ofc. Bond and Sgt. Willette then gained control of Wade while
they were all on the floor and, after receiving assistance from additional officers and staff, were
eventually able to bring Wade to the medical unit, where Wade refused treatment. Based on this

7

information, Ofc. Bond and Sgt. Willette acted reasonably in their attempts to secure and control Wade. Any force used by the defendant officers was applied in a good faith effort to maintain or restore discipline. Thus, Ofc. Bond and Sgt. Willette are entitled to summary judgment on Wade's excessive force claim.

## Conclusion

Wade's claims against BCDC are dismissed. As to the remaining defendants, there are no genuine disputes of material fact and Ofc. Bond and Sgt. Willette are entitled to summary judgment as a matter of law.

A separate Order follows.


__June 14, 2021_____ _____                    ___/s/_____
Date                                           GEORGE J. HAZEL
                                               United States District Judge

8